UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SECTION 23 PROPERTY
OWNER'S ASSOCIATION, INC., A
FLORIDA CORPORATION;

    Plaintiff,

v.

Case No. 2:25-cv-160-JLB-KCD

ALBERT M. ROBINSON, ANITA
ROBINSON, JANE B. ROBINSON,
INDIVIDUALLY AND AS
TRUSTEE OF THE JANE B.
ROBINSON REVOCABLE TRUST
DATED MAY 15, 2008;

    Defendants,
_____/

## **REPORT & RECOMMENDATION**

This is at least the third time Defendants Albert and Anita Robinson have removed this case from the Circuit Court of Charlotte County. Ten years ago, the case was twice remanded for lack of subject matter jurisdiction. *See Section 23 Prop. Owner's Ass'n, Inc. v. Robinson*, 2:15-cv-261-FtM-38CM, 2015 WL 12862519 (M.D. Fla. Apr. 28, 2015); *Section 23 Prop. Owner's Ass'n, Inc. v. Robinson*, 2:15-cv371-FtM-38MRM, 2021 WL 1428303 (M.D. Fla. Apr. 15, 2021).[1] The Robinsons are back, complaining that activities in the case have triggered a right to re-remove. (Doc. 1.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Albert moved to proceed in forma pauperis. (Doc. 2.) But there were problems with the motion, so it was denied without prejudice. (Doc. 5.) The Court could not determine financial eligibility because it was unclear whether the motion and affidavit covered Albert individually or the Robinsons collectively. And the motion failed to comply with Local Rule 1.06(b), which requires the removing party to file a legible copy of each paper docketed in the state court. (*See* Doc. 3.)

Another fatal flaw was that the Court (again) could not determine if it had subject-matter jurisdiction. But before getting to that question, the Court noted that Defendants must overcome the identified procedural hurdles. (Doc. 5.) The Robinsons were given an opportunity to submit an amended IFP application and to comply with Local Rule 1.06(b) or pay the filing fee. (*See id.*) The Court later extended the deadline to comply to April 23, 2025 (Doc. 9.) Defendants were warned that failure to comply may result in a recommendation that the case be dismissed. (*Id.*)

In response, the Robinsons filed a "Notice of Defendants Withdrawing Defendants' Motions to Appear In Forma Pauperis," stating that they withdraw the request to proceed IFP because they are unable to comply with Local Rule 1.06(b) and unable to pay the filing fee. (Doc. 10.)

"A plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due

2

diligence and just cause for delay." M.D. Fla. R. 3.10. Similarly, the Court has the "inherent power" to dismiss a case for lack of prosecution under its authority to manage the docket. *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962).

Defendants have not diligently prosecuted this case. They failed to file an amended IFP application by the deadline and have not paid the filing fee, showing a lack of interest in pursuing this case. Rather than comply with the Court's orders, they expressed a desire to withdraw the request to proceed in forma pauperis. Thus, the Court should **REMAND** this case to state court.

**Recommended** in Fort Myers, Florida on April 29, 2025.

Kyle C. Dudek
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.